IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

CAROL A. KELLOGG, , individually
and as sole Heir and Administrator
of the Estate of Lee J. Witschi, deceased,
      Plaintiff,

vs.                                         No. 18-1061-JTM

THE EVANGELICAL LUTHERAN GOOD
SAMARITAN SOCIETY., *et al.*,
      Defendants.

MEMORANDUM AND ORDER

Lee Witschi was an Alzheimer's patient at an Evangelical Lutheran Society Good Samaritan nursing home in Minneapolis, Kansas, which is located in Ottawa County. According to the complaints[1] filed by his daughter and heir, plaintiff Carol Kellogg, Witschi was subjected to medical malpractice and other negligent care while at the nursing home, and that Evangelical Lutheran was responsible for his death in May, 2016.

Kellogg has also sued the City of Minneapolis and Ottawa County for an incident which allegedly occurred in several weeks earlier, on March 29, 2016, in which law

---

[1] Kellogg filed her first Complaint (Dkt. 1) on February 27, 2018, an Amended Complaint on March 29 (Dkt. 3), and (with leave being granted by the United States Magistrate Judge) a Second Amended Complaint (Dkt. 7) on May 24. Each of these complaints was filed before defendants filed any answer or entry of appearance.

enforcement officers were called to the nursing home. During this incident, according to the plaintiff, the officers battered Witschi by handcuffing him and tasing him.

The defendants promptly moved to dismiss the plaintiff's claims (Dkt. 23, 25, 28). The City argued (Dkt. 24) that plaintiff's assault and battery claim was barred by the statute of limitations (K.S.A. 60-514(b)), that the complaint failed to identify any misconduct or policy by the City, and that it could not be responsible under any theory of *respondeat superior* for the actions of unnamed officers. The County also sought dismissal advancing similar arguments. (Dkt. 26). It also argued that Kellogg's claims against it should be dismissed because the named entity ("Ottawa County, Kansas") is not an entity capable of being sued under Kansas law, and in any event the responsible entity for misconduct would be the Ottawa County Sheriff. And Evangelical Lutheran sought dismissal of plaintiff's negligence *per se* and Kansas Unfair Trade and Consumer Protection Act claims, contending that Kansas does not recognize such actions under the circumstances of the case. (Dkt. 29).

Subsequently, Kellogg sought leave to file a Third Amended Complaint. (Dkt. 42). The proposed complaint substantially revises some of the factual allegations and the legal claims in the case. The proposed complaint specifically identifies as defendants the Board of County Commissioners of the County of Ottawa as well as Keith Coleman, "Sherriff [sic] of Ottawa County, Kansas, In his official capacity." (Dkt. 42-1, at 1). It also identifies as defendants (in both their official and individual capacities) the particular law enforcement officers at the scene: Minneapolis police officer William Carr, Minneapolis

2

Assistant Police Chief Frank Gent and Ottawa County Undersheriff Russell Thornton. Finally, the complaint alleges the official capacity defendants contributed to Witschi's injuries through flawed policies, practices, hiring or supervision. (*Id.*, ¶¶ 20-22, 29, 32-33, 35, 40-47). The complaint omits any specific claim of negligence *per se* or statutory violations against Evangelical Lutheran, advancing instead general negligence survival and wrongful death claims.

The court hereby grants plaintiff's Motion to Amend, and authorizes the filing of her Third Amended Complaint. As Ottawa County acknowledges (Dkt. 54, at 2), the standard for permitting amendment under Fed.R.Civ.Pr. 15(a)(2) is "quite low." The Third Amended Complaint clarifies some issues and removes some claims from the action. Permitting amendment will render moot several of the arguments advanced by defendants in their motions to dismiss.

The court cautions plaintiff that, having now presented *four* versions of her complaint, further attempts to amend her complaint will meet with substantial disfavor and careful scrutiny. "Generous standard notwithstanding, courts may deny leave to amend for such reasons as 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment.'" *Gilliard v. Gruenberg*, 302 F.Supp.3d 257, 271 (D.D.C. 2018) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

3

IT IS ACCORDINGLY ORDERED this day of November, 2018, that Plaintiff's Motion for Leave (Dkt. 42) is granted and the plaintiff is authorized to file the requested Third Amended Complaint (Dkt. 42-1); defendant's Motions to Dismiss (Dkt. 23, 25, 28) and Stay (Dkt. 53) are hereby denied as moot.

s/ J. Thomas Marten
J. Thomas Marten, Judge