IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

CAROL A. KELLOGG, Individually, and )
as sole Heir-at-Law and Administrator )
of the Estate of Lee J. Witschi, deceased )
)
        Plaintiff, )
)
 v. )
)
GOOD SAMARITAN SOCIETY, INC. )   Case No. 6:18-cv-01061-JTM
a/k/a THE EVANGELICAL LUTHERAN )
GOOD SAMARITAN SOCIETY, )
GOOD SAMARITAN SOCIETY – )
MINNEAPOLIS, KANSAS; CITY OF )
MINNEAPOLIS, KANSAS; and )
OTTAWA COUNTY, KANSAS, )
)
        Defendants )
_____ )

## ORDER FOR INSPECTION AND REPRODUCTION OF MEDICAL, PSYCHOLOGICAL, AND COUNSELING RECORDS AND PROTECTED HEALTH INFORMATION PURSUANT TO STATE AND FEDERAL LAW (HIPAA) AND NOTIFICATION OF WAIVER OF PROVIDER-PATIENT PRIVILEGE

**TO:** **All hospitals, clinics, pharmacies, physicians, social workers, psychiatrists, psychologists, therapists, governmental agencies (State and Federal), long-term care facilities and/or nursing facilities, and all other medical institutions, practitioners, and health care providers, past and present.**

NOW on this 29th day of August, 2019, this matter comes before the Court on the application of Defendants Good Samaritan Society, Inc. a/k/a The Evangelical Lutheran Good Samaritan Society and Good Samaritan Society—Minneapolis, Kansas ("Defendants") for an Order authorizing all of the above entities to produce any and all information within their custody and/or control pertaining to **LEE WITSCHI**.

WHEREUPON, the Court, after reviewing the files, records, and pleadings, and being fully advised and duly advised in the premises FINDS:

You are hereby authorized, pursuant to the laws of Kansas and applicable federal law, including but not limited to the Health Insurance Portability and Accountability Act ("HIPAA"), to make available for examination and reproduction by the parties and their counsel denominated in this lawsuit **any and all** medical and medical insurance records of any type or nature whatsoever and/or any protected health information within your care, custody, or control, in any manner concerning:

    Name:                        LEE WITSCHI

    Date of Birth:             September 25, 1924

**For the time period of March 29, 2006 to the present date and continuing.**

Medical documents and protected health information subject to this Order include, but are not limited to:

> **Every page of the entire medical chart <u>cover to cover</u>,** including, but not limited to, all records pertaining to the examination, diagnosis, care and treatment of the patient, patient intake and registration forms, patient insurance and identification information, office narratives, progress notes, prescription orders, lab results, nurse and physician assistant notes, consultation reports, order sheets, handwritten notes, radiological and laboratory reports, itemized billing statements listing all charges and payments, radiographic films, and photographs and videotapes.
>
> This Order also includes all **"Secondary Records,"** regardless of whether generated by you. Secondary Records include patient questionnaires, phone message slips, correspondence with the patient or his family, and all documents contained in the patient's office chart from other health care providers, insurance representatives, attorneys or governmental agencies, including but not limited to, medical records as defined above and all correspondence and hospitalization records.

Any and all records related to the diagnosis and treatment of mental illness or emotional condition, including any psychotherapy notes that are part of the medical record. **The Plaintiff has made a full and knowing waiver of the statutory privilege provided for these records under K.S.A. § 65-5602.**

This Court specifically finds the above-requested information necessary to this proceeding because the Plaintiff relies upon the information of the patient's condition as an element of a claim or defense. Unless specifically excluded by this Order, **ALL** medical records and protected health information in your possession regarding the person noted above may be produced or made available for inspection. Said inspection and reproduction may be requested by any attorney of record herein as set forth below, and clerical fees and expenses as permitted under K.S.A. § 65-4971 shall be paid by the attorney requesting such examination, reproduction, or interview.

This Order complies with HIPAA federal standards for privacy of individually identifiable health information, 45 C.F.R. Parts 160 and 164, and K.S.A. § 60-427, which addresses the physician-patient privilege.

This Order further allows the disclosure of all information regarding diagnosis and treatment of mental and emotional conditions pursuant to K.S.A. §§ 65-5601 to 65-5603 and K.S.A. §§ 74-5323 and 75-5372.

Pursuant to state law, counsel for the parties are hereby authorized to talk with **LEE WITSCHI'S** treating physicians or other health care providers without opposing counsel or the parties, including the Plaintiff, being present or participating, provided the health care provider consents to the interview as to which he/she can refuse to participate. This is based on the Court's finding that the Plaintiff has made a claim for personal injuries to and the death of **LEE WITSCHI**, and in filing this lawsuit has, pursuant to Kansas law, waived

any privilege existing between the patient and health care provider as defined in K.S.A. § 60-427. By virtue of filing this action, Plaintiff is aware that this Order has been entered, has been given the opportunity to object, and has waived any objection through counsel.

This Order shall be effective throughout the pendency of this action.

Dated August 29, 2019, at Kansas City, Kansas.

s/ James P. O'Hara  
James P. O'Hara  
U.S. Magistrate Judge