UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

CAROL A. KELLOGG, individually, as sole heir-at-law of Lee J. Witschi, and as Administrator of the Estate of Lee J. Witschi, Deceased,

    Plaintiff,

v.

THE EVANGELICAL LUTHERAN GOOD SAMARITAN SOCIETY, d/b/a Good Samaritan Society – Minneapolis,

    Defendant.

Case No. 18-1061-JPO

## ORDER APPROVING WRONGFUL-DEATH SETTLEMENT

On November 27, 2019, the undersigned U.S. Magistrate Judge, James P. O'Hara, conducted a hearing on the "Application for Approval of Wrongful Death Settlement and Allocation of Proceeds" filed by the plaintiff, Carol A. Kellogg, in her capacity as the sole heir-at-law of Lee J. Witschi (ECF No. 123). Plaintiff appeared in person and through counsel, Thomas L. Wagstaff, Jr. The defendant, The Evangelical Lutheran Good Samaritan Society, d/b/a Good Samaritan Society – Minneapolis, appeared though counsel, Elizabeth D. Moeller. There were no other appearances.

The hearing was conducted by a magistrate judge with the parties' consent (indeed, at their request), and with the approval of the originally assigned U.S. District Judge, J. Thomas Marten (see ECF No. 122). A certified court reporter transcribed the settlement-approval proceedings.

The court, having heard the sworn testimony of Ms. Kellogg and the statements of counsel, finds:

1. This action alleges negligence and wrongful death in connection with care and treatment rendered to Lee J. Witschi while residing at defendant's nursing facility, more specifically relating to a March 29, 2016-incident that allegedly caused or contributed to cause Mr. Witschi's death. He died on May 19, 2016 and, on February 27, 2018, plaintiff (through her former counsel), commenced an action for wrongful death pursuant to K.S.A. § 60-1901 et seq. (see ECF No. 1).

2. Defendant denies liability and denies that it caused or contributed to cause Lee J. Witschi's death.

3. Plaintiff is the surviving natural daughter of Lee J. Witschi. She is Lee J. Witschi's sole heir-at-law, as explained below. Lee J. Witschi was widowed at the time of his death. He was not survived by either of his parents. He only had two children (whether natural, adopted, or illegitimate), namely, Mark Allen Witschi and Carol A. Kellogg. Mark Allen Witschi predeceased Lee J. Witschi in 1990 and the former had no children. Plaintiff and Mr. Wagstaff both represent and warrant that they know of no wrongful death beneficiary other than plaintiff, as defined under K.S.A. § 60-1901 et seq.

4. Plaintiff has been given notice as required under Kansas law of the settlement, the application to approve, and the hearing on the application, and she approves of said settlement and distribution, as evidenced by her signature to the application for approval.

5. The parties reached a resolution of this matter via informal negotiations, as plaintiff testified in court and as set forth in the parties' Settlement Agreement and Release of All Claims (marked as Exhibit 2 during the hearing, reviewed by the court, and later withdrawn). Plaintiff asks the court to approve the terms of the parties' settlement, as set forth in Settlement Agreement and Release of All Claims. Although the written settlement agreement is silent on this point, Mr. Wagstaff and Ms. Moeller both confirmed on the record that their clients' settlement was not intended and should not be construed as releasing or impairing in any way legal-malpractice claims that plaintiff might wish to assert against her former lawyer who commenced this action (see ECF No. 1), i.e., it's anticipated that plaintiff may assert in a separate case that her former lawyer failed to timely sue certain members of law enforcement who allegedly contributed to Mr. Witschi's wrongful death (see ECF No. 85).

6. Plaintiff employed the Law Office of Tom Wagstaff, Jr., LLC to assist in the prosecution of the above cause of action. Mr. Wagstaff, who filed his entry of appearance on July 2, 2018 (see ECF No. 30), has informed the court that he has fully investigated the law and the facts pertinent to the above-captioned cause of action, and has advised plaintiff accordingly. He has advised plaintiff that her cause of action may be compromised and settled with defendant upon the terms set forth in this order and in the Settlement Agreement and Release of All Claims.

7. Plaintiff and her attorney have had sufficient time to become fully informed regarding the nature and extent of damages, the legal merit of the claims made against defendant, and the uncertain outcome of the litigation.

8. The gross amount of the parties' settlement is set forth in the accounting spreadsheet that was marked as Exhibit 1 during the hearing, reviewed by the court, and later withdrawn. The court noted that plaintiff's third amended complaint (ECF No. 57) states that she was proceeding individually, as Mr. Witschi's heir at law, *and* as administrator of his probate estate. But Mr. Wagstaff, Ms. Kellogg, and Ms. Moeller all confirmed during the hearing that the gross settlement being paid by or on behalf of defendant was attributable entirely to Ms. Kellogg as an heir in connection with the wrongful-death claim. Nothing is attributable to plaintiff's claim as an individual, nor to the survival claim that was pleaded on behalf of Mr. Witschi's probate estate.

9. Plaintiff and her attorney believe and have represented to the court that the settlement amount and settlement agreement are fair and reasonable considering all the facts and circumstances, and that court approval would be in the best interests of the plaintiff as the sole wrongful-death beneficiary.

10. The proposed settlement is fair and reasonable, and valid, just, and equitable.

11. The proposed settlement distribution stated in Exhibit 1 is fair and reasonable and is approved.

12. Plaintiff's costs and attorneys' fees, as shown on Exhibit 1, are reasonable, and are approved pursuant to K.S.A. § 60-1905.

13. Plaintiff waives a trial by jury and the right to appeal.

IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED:

A. The parties' settlement, as set forth in the Settlement Agreement and Release (Exhibit 2), is found to be valid, just, and equitable, and is hereby approved.

B. The apportionment to Carol A. Kellogg (as set forth in Exhibit 1), as the sole heir-at-law, is found to be valid, just, and equitable, and is hereby approved.

C. All valid liens and claims shall be satisfied by plaintiff, and defendant shall not be liable for any such liens.

D. Plaintiff's costs and attorneys' fees are reasonable and customary, and they are hereby approved.

E. The parties shall bear their own court costs, attorneys' fees, and related expenses of litigation.

Dated November 27, 2019, at Kansas City, Kansas.

s/ James P. O'Hara
James P. O'Hara
U.S. Magistrate Judge